IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


AARON M. MOORE,

    Petitioner,

vs.                                          Case No. 4:09cv79-SPM/WCS

WALTER A. McNEIL,

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION

      This case was initiated by the filing of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Doc. 1.  Petitioner has now filed a response to the order to show cause.  Doc. 6.  As set forth below, it plainly appears that Petitioner is not entitled to any relief in this court, and the § 2254 petition should be summarily dismissed.  § 2254 Rule 4.

      In the § 2254 petition, Petitioner challenges his conviction and life sentence following a plea of nolo contendere to first degree murder.  Doc. 1, p. 1; doc. 6, p. 1.  The judgment was imposed in the Second Judicial Circuit, Leon County, case 1995-CF-2254B.  Doc. 6, p. 1 and attachment.  As his sole ground for relief, Petitioner claims he

was coerced into entering a plea by his lawyer's advice that, despite his age,[1] he could be sentenced to death.  Doc. 1, p. 4.  Petitioner asserts that he was "not aware of my protection against the death penalty by the Eighth Amendment," and if he had known of this he would not have entered a plea.  Doc. 1, p. 4.  For relief, Petitioner asks to prove his innocence at trial, "now that the fear of death is not overwhelming."  *Id.*, p. 6.

The court directed Petitioner to show cause why the petition should not be dismissed as untimely under the one year limitations period of 28 U.S.C. 2244(d)(1).  Doc. 5 (incorporated by reference).  The court noted that the one year for filing a § 2254 petition generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  *Id.*, p. 2, citing § 2244(d)(1)(A).  Later dates which could commence the one year period were noted, including the date on which the right asserted was recognized by the Supreme Court and made retroactive on collateral review, and the date on which the factual predicate for the claim could have been discovered with due diligence.  *Id.*; § 2244(d)(1)(C) and (D).

Based on dates provided in the petition, the court determined that the judgment at issue here became final on or about July 29, 1996, and (assuming this was the latest commencement date) any motions filed in state court more than one year after this date would not have tolled the period.  *Id.* (citations omitted).

Petitioner does not challenge this calculation.  In response, he cites Roper v. Simmons, 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005), claiming Roper was not

---

[1] According to the website for the Florida Department of Corrections, Petitioner's date of birth is January 7, 1978, and he is in custody for an offense committed on June 29, 1995.  *See also* doc. 6, p. 1 (noting his arrest date was July 9, 1995).

Case No. 4:09cv79-SPM/WCS

decided until after his conviction became final and that it applies retroactively. Doc. 6, pp. 2-4. He claims that Roper commences the one year period under either § 2244(d)(1)(C) or (d)(1)(D).

In Roper, the Supreme Court held that "[t]he Eighth and Fourteenth Amendments forbid imposition of the death penalty on offenders who were under the age of 18 when their crimes were committed." 543 U.S. at 578, 125 S.Ct. at 1200, *abrogating* Stanford v. Kentucky, 492 U.S. 361, 109 S.Ct. 2969, 106 L.Ed.2d 306 (1989):

> In holding that the death penalty cannot be imposed upon juvenile offenders, we take into account the circumstance that some States have relied on *Stanford* in seeking the death penalty against juvenile offenders. This consideration, however, does not outweigh our conclusion that *Stanford* should no longer control in those few pending cases or in those yet to arise.

543 U.S. at 575, 125 S.Ct. at 1198.

Even assuming from this language that Roper applies retroactively, it does not apply here as Petitioner was not sentenced to death. Moreover, Petitioner asserts that Roper is either new law or a newly discovered factual predicate which supports his claim that counsel was ineffective in advising him to accept a plea to avoid the death penalty. Before Roper, the Supreme Court in Stanford had upheld death sentences imposed on offenders ages 16 and 17 at the time of the offense.

At the time of Petitioner's prosecution and conviction he could be sentenced to death, despite his age of 17 at the time of the offense. As a matter of law, counsel could not be ineffective for failing to anticipate the Roper opinion. *See* United States v. Ardley, 273 F.3d 991, 993 (11th Cir. 2001) (J. Carnes, concurring in the denial of rehearing en banc) ("[i]n this circuit, we have a wall of binding precedent that shuts out any contention that an attorney's failure to anticipate a change in the law constitutes ineffective

assistance of counsel," evidentiary hearings should not be conducted as "[t]here is no relevant evidence to hear. The issue is settled as a matter of law.") (collecting cases).

It is therefore respectfully **RECOMMENDED** that the § 2254 petition, challenging Petitioner's conviction and sentence imposed in the Second Judicial Circuit, Leon County, case 1995-CF-2254B, be **SUMMARILY DISMISSED** as it plainly appears Petitioner is not entitled to any relief in this court.

**IN CHAMBERS** at Tallahassee, Florida, on May 28, 2009.

   S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**